State United states
et court for the
Central District of Illinois

Rosario, Freddy
                    Plaintiff

        V.

Ward.
I.A Simpson   et al.

**FILED**
FEB - 3 2011
PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

COMPLAINT

Civil Action No.
[Mandamus]

11-1039

## I. JURISDICTION & VENUE

1. This is a [Mandamus] action authorized to 42 U.S.C Section 1983 to redress the de-
prevation, under the color of state law, of rights secured by the [Constitution of the United
States. The court has jurisdiction under 28 U.S.C Section 1331 and 1343 (a)(3). Plaintiff
seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claims for
injunction/injunctive relief are authorized by 28 U.S.C Section 2283 and 2284 and
rule 65 of Federal Rules of Civil Procedure.

2. The Central District of Illinois is an appropriate venue under 28 U.S.C Section 1391 (b)(2)
in respect to the jurisdiction of plaintiff's residency with the exception of its event of it's
occurrances giving rise to this claim.

## II. Plaintiffs

Plaintiff:  **Freddy Rosario**    is and was at all times mentioned herein a prisoner
of the state of Illinois in the custody of the Illinois Department of Corrections. He is currently
confined in Hill correctional center, in Galesburg Illinois.

## III. Defendant[s]

Defendant: Derwin L. Ryker is the Warden of Lawrenceville Correction Center. He is legally
responsible for the operation of Lawrenceville corr. ctr. and for the welfare of all inmates of that
prison.

Defendant: Simpson #2801 is the Internal Affairs. He is legally responsible for the [over-
I Investigation in operation of the institution under its jurisdiction - Lawrenceville corr. ctr.
so responsible for the operation and welfare of all inmates of that prison.

Defendant: [Et Al.] Sgt. [John Doe] is a Correctional Sargent of the Illinois Department of.
rections. who, at all times mentioned in this complaint, held the rank of sargent and was
sign to Lawrenceville Correctional Center.

Continued
1 of 7

Defendant: <u>Micheal P. Randle</u> is the Director of the state of Illinois. He is legally responsible for the overall operation of the department of [Each] institution under its jurisdiction, including Lawrenceville Correctional Center.

Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint, each defendant acted under the color of state law.

<u>III   Facts</u>

5.

In Opening to the issue [s] presented for review in whether plaintiff's [pleadings /facts] should be in <u>consideration as to be true</u>, that a claim upon which relief can be granted, and that the review Hon. Judge should keep in mind in bearing these issues, the court must construe the facts liberally. stating:

A. That on <u>the date of 2-26-09</u>, a [pysical altercation] was acted upon against the plaintiff, that substantuated an attack by the <u>Latin kings</u>. Outside North Dietary at the Lawrenceville correction center approx. at 9:53 Am. According to the plaintiff's [Personal complaint here]. I <u>Freddie Rosario #R03876</u> was approached by one of the LK (Latinkings) member, and was told to fix my gym shoes in a threatening manner, due to the sides of <del>these</del> state issue shoes were position [sides folded down and tongue was half way folded down, indicating an inverted 3 point crown] which in this causation of its occurrences, the LK's were <u>pointing at the plaintiff</u> and thereafter of chaos participant, existing its building, plaintiff was approached by several and confronted again to fix my shoes, plaintiff then was hit [Punched] in the face and repeatedly hit. <u>I was then sprayed by the Sgt.</u> to seperate the fight. In the course of the security of detaining the pysical altercation, <u>I was hand cuffed and laying flat</u> on my <u>stomach</u> with the knee on my lower spine that furnished an extreme amount of weight, while secured by hand cuff's and Sargeant - <u>One of the attackers</u> had been allowed to walk up to me and kicked me in the face, creating one large hematoma in the middle of forehead, and a continued pain behind the neck by its <u>force of impact</u> - disturbing either the 5th or 4th vertibrane, dispite the burning sensation from the mase used excessively. After being kicked in the face, the clo's laughed and continued to seperate its group [8 Inmates]. I was taken to the Health Care unit and <u>was furnished a photo</u> of my injury to the forehead, and seen later the eye doctor, which stated: <u>that the chemical of the mase used excessively was a cause of the left eye to be perminently damaged</u> that now consist to wearing tinted glasses due to the glare of bright light or objects [shine]. Doctor in HCU also stated <u>that my sholder needed to be surgically operated on for repositioning</u> from it's dislocation, when the Sgt. jumped on me and tossed me [slammed] to the ground. According to the <u>facilities findings in its medical examination</u>, at <u>Lawrence Corr. Mr. stated: that the plaintiff had no perminant damages</u> or any physical damage to the event in which occurred. On <u>Arrival to Pontiac Corr. Mr. the facility examined the plaintiff</u> and <u>discovered a tissue behind left eyeball</u> to be perminently damaged and surgery was needed. On another occasion, a physical Doctor examined the <u>left shoulder and stated that a small piece of bone was visual and declare it to be a fracture of somesort</u>. [Excessive force] participated

In the event of my ticket issue, the officials fail to adhere to the 24 hour ruling in issuing the plaintiff his IDR, the administrative decision by the warden had ignored the ruling and transfered plaintiff to Pontiac Corr. Ctr. 3 days later, which a request for witness was denied by the officials, avoiding proper proceedings. Due to its new residency — plaintiff continued to participate in the required Grievance policy, and further sought relief by Idoc's staff — where a denial of numerous decisions were infact participated.

## IV  Memorandum of Law

This is a Memorandum of Law: substance of complaint to the violations by the Lawrence Correctional Center, where a deprivation is ascertain.

1). On the date of 2.26.09 at 9:58 am, plaintiff was pointed out by his unforeseen attackers while entering the chow building at Lawrence Correctional Center, by the latin kings gang members, on existing the chow hall. One of the [LK-Members] had approached the plaintiff and verbally threaten the plaintiff if he didn't fix his shoes. Due to the altering of style. [sides folded down and tongue was half way down, indicating an inverted 3 point crown]. causing its physical altercation. The LK struck the plaintiff in his face [Punched] and began to attack further. The violation to plaintiff's 14th Amend. Const. Right was the fault of CIo's failment in viewing anykind of misbehavior they were trained to detect which negligents substantuates its claim. see Murphy, 653 F.2d at 644-45; Jones V. Diamond, 636 F.2d 1364, 1373-74 (5th. Cir. 1981).

a. In the course of securing the physical altercation. Sgt. [Unknown Official] sprayed mase in the victims [plaintiff] face, [left eye] and body. Over exceeding its portionate amount needed - which had emptied its canister. Plaintiff immediately yeild by force, which Sgt. continued to spray the mase at least a half an inch away from (my face), that caused its expedient act as to ignore proper proceedings in a reasonable and professional manner. That established an 8th. Amend Constitutional Violation by the use of a [Malicious and Sadistic Act] causing harm to the left eye permanantly. Whitley V. Albers, 475 U.S 312,106 S.Ct.1078,1088, 89 L.Ed.2d 251 (1986) also: Duckworth V. Franzen, 780 F.2d 645, 652 (7th.Cir. 1985) this constituted a [Deliberate Indifference] see: Morgan V. District of Columbia, 824 F.2d 1049 (D.C Cir. 1987).

b. Thereafter, plaintiff was infact secured by the Sgt. being cuffed, placed on stomach and held [Pindown] by the Sgt's knee in back, [Inview of any further misbehavior.] In contrast to this position. One of the Inmates involved - had walked away from one of the CIo's in his handcuffs, and kicked the plaintiff in the face, constituting a large hematoma in the middle of forehead. A violation of plaintiff's 8th Amend. Const. weighing its action in the inference of the Sgt's intent to allow harm to plaintiff. substantuates this official Acted "with" Deliberate Indifference, Sgt. knew this Inmate was approaching to cause harm, cf 653 F.2d at -644-45.

c. And, excorted to the Health Care for medical treatment / examination. In its findings, the medical staff lied that no injury was visual or existed. Entertaining a "Blind Eye Act" Vance V. Peters, 97 F.3d 987, 994 (7th.Cir.1996) also: Farmer V. Brennan, 511 U.S 825, 837. That is a sufficient "state of mind" culpable entertainment see also, Norfleet V. Webster, 439 F.3d

392, 345-46 (7th.Cir.2006) where deliberate indifference IITS more than negligents and approaches "intentional wrongdoing" Collignon V. Milwaukee County, 163 F.3d 982, 988 (7th.Cir.1998). that it is essentially a criminal recklessness standard, even gross negligents is below the standards - Needed to impose constitutional liability. Id. The Sgt. had [subjective Awareness] of his serious act - therefore its substance shows its indifference to condition.

2. Plaintiff was traumatized for the major fact of being attacked in a high level Facility in which states that his low minimum classified level should not of never concluded this issue - if he was placed in his mandatory Minimal level. Due to the fact of the attackers had a greater amount of time (10 to 15)yrs while the plaintiff was under 5yrs in sentence.

a. Plaintiff further states: that the impartial and inadequate decision manipulated the Inmate by its nature of cause, being victimized by assault from both companies of the party involved. [Inmates - Staff] on the said date of occurrances. [with V. McDonald Noting: his Due Process (14th Amend.) and (8th Amend.) was violated as to consider its Equal Protection of the law applied here. that officials were required a safe and secure environment and those who bear the [Responsibility] for administering prisoners must control those who cannot control themselves. Poses that threat from both party's. Mayoral V. Sheahan, 245 F.3d 931, 938 (7th.Cir. 2001).

b. The Health Care unit took photos of the wound on forehead, which that [force of shock] to the neck had also created a small lump on the spinal cord area of back of neck and suffers by its pain, that agoish is constant. 8th-Amend. Const. violation.

c. Lower Back pains constituted by the weight of sgt. which the individual weight at least 240 lbs and plaintiff weight at least 175 lbs when occurred. No kind of medical treatment taken for the exercise or physical therapy - as in suggestion to say the least. Entertaining unnecessary and wanton infliction of pain. Gregg V. Georgia 428 US 153, 169-173, 96 S.Ct 2909, 2923, 49 L.Ed .2d 859 (1976), That the common law-view [It] is but, just - that the public be required to care for the prisoner who cannot by reason of the deprivation of his liberty, care for himself.

3. On the date of arriving to Pontiac Corr. Ctr. 2.27.09 and numerous requisitions were made and submitted for nurse screening, for medical treatment. (a) 3.6.09 (in the meantime) plaintiff had filed a grievance against the assault by several inmates. On 3.31.09 grievance was in fact file against the deprivation of medical treatment. (Noting: Numerous request submitted but nothing in the matter was taken in consideration for further care - seen nurse 1 month later from arrival -(3-23-09). (b) On 4.9.09 grievance was file against staff conduct. in Mental Health Department. failure to provide proper counseling by taunting the plaintiff in one basic questioning: what do you want to do? After telling the Psyc-Doc that plaintiff suffers from a physical attraction to harm others. Due to not trusting neither "Staff. Inmates" Olim V. Wakinekona, 103 S.Ct 1741 (1983). Monroe V. Pape. 365 U.S 167 (1961). (c) On 5.7.09 grievance filed against staff conduct / failure to protect. Excessive force. In the course of argument, plaintiff request video tape to substantiate the element of innocents. that he was not the aggressor but the victim as claim. furthering statements that the transfer deprived him the gathering of proper information and witnesses for required defense. Violating 20 Ill.Adm.Code Ch.I.Sec.504 Subch-

4 of 7

- apter (e) Section 504.60 [Investigation of Major Disc.Rep's] (c). The <u>Hearing Investigator</u> may correct or direct the reporting employee to correct any errors in the disciplinary report. [And] grievant will be provided a copy of the corrected report at least 24 hours prior to the hearing" UNLESS THE OFFENDER WAIVES THIS NOTICE". [FN] I A did not ask if offender felt the investigation was satisfying or should there <u>be any changes to correct</u> its current application. Plaintiff was <u>indigent to</u> its re-<u>gulated policies</u> and knew nothing of its criteria. Only because Investigator fail to comply with its mandatory compliance. Furthermore; Plaintiff was denied witnesses - this <u>violates the</u> "A.R.0041 II G-9" an authorize statute/section, <u>requesting a witness</u>, for which <u>minimal due process</u> standards were bluntly denied. developing a liberal interest. Violation to plaintiff's 14th Amend. Const. <u>Morrissey</u> <u>V. Brewer, 408 U.S 471, 92 S.Ct 2593, 33 L.Ed.2d 484 (1972).</u>

4. On <u>5.7.09</u> in reporting his innocents by further arguement in claim. On <u>7.25.09</u> Grievance filed on Medical Treatment. for shoulder <u>slight dislocation</u>. plaintiff further states that Doctor at the Pontiac Corr. Ctr. said he cannot do anything for relief, which a <u>deprivation to medical need</u> was substantuated. 8th Amend. Const. Violation. ; On <u>10.23.09</u> grievance filed against staff. (staff conduct ) in the ignorances of not following policies. (AD 03.02.108 pg 6 of 7 - (b) failure to cooperate with an investigation shall result in disciplinary action that may result in discharge. General Provision under <u>730 Ilcs 5/3-2-2 (b) Policy statement</u>, the department shall require employees to conduct themselves in a professional manner. (f) Gen.prov: All employees shall be informed of the provisions of the directive and the directive shall be accessable to employees .., requirements a). Employees shall obey all Federal, state and local laws per <u>18 U.S.C 922</u>. also <u>A.D 01.02.101</u> Employee Misconduct. (Any employee conduct which may constitute criminal activity in accordance with <u>720 ILCS 5/ 33-3</u> is liable for disciplinary action.

5. Each presented document in question - <u>substantuates a ruling</u> by the administrative agents, <u>in line</u> by <u>PERA requirement</u>. Due to its event in challenges. All remedies by each IDOC's departments been addressed and exhausted by participating in its natural course - satisfying a 60 day filing ruling - <u>42 U.S.C § 1997 e (a)</u> and in accordance to 20 Ill. Adm. Code § 504.810, has met its criteria within its 6 months limitation in reappeal. No effect by neither department.

6. Plaintiff has suffered the <u>inadequate arbitrary decision</u> in being revoked 1 full year for the <u>false accusations</u> by the <u>attackers</u>. where their statements were <u>treated as Confidential In-</u><u>formants</u>. Obviously an <u>Affirmative Conflict of Interest</u>. [AND] must be <u>reversed</u> on due pro-<u>cess grounds</u> where the government (Administration) <u>knowingly elicits</u>, or <u>fails to correct</u>, materially false statement from given party [S]. (Conf. Inf.). <u>Daniels V. Lee, 316 F3d 477 (4th. Cir. 2003),</u> US V. Haese, 162 F3d 359 (5th. Cir. 1998).

a. Therefore the <u>1year revocation</u> **Became** uncertain by a procedural due process claim, it is not the deprivation of property or liberty that is unconstitutional: it is the deprivation of property or liberty "WITHOUT" due process of law," WITHOUT" adequate procedures, that curtailment is ascertain, by misconduct from the ARB, warden and others who agreed upon its arbitrary decision. <u>Daniels V. Williams, 474 U.S 327, 339, 106 S.Ct. 662, 678, 88 L.Ed.2d 662 (1986).</u>

b. Inmates must be afforded due process before deprivation of life, liberty or property. Nat. Council of Resistence to Iran V. Dept. of state, 251 F3d 192 (D.C. Cir. 2001).

c. It is a fundamental due process principle that a statute must clearly define the [Con-

5 of 7

-duct] that it prohibits. US V. Evans, 318 F.3d 1011 (10th. Cir. 2003). where as; plaintiff's due process rights were enforceable under §1983. [Mandamus].

## Ⅴ Legal Remedies of Exhaustion

7. Plaintiff Freddy Rasario #R-03876, used the prisoner grievance procedural application that was furnished by the IDOC -Pontiac Corr. Ctr. to try and recieve any kind of liberal relief, that on 2-26-09 plaintiff did infact meet the 60 day ruling in scope to 20 Ill. Adm. Code Ch. I. sec. 504. Subchapter (e) in compliance to PLRA requirement which the observation in consideration to it's attached documents and exibits including personal self "Declarations" and others shall provide it's complete applicated requirements. Indicating to each grievance in substance, are exhausted. In accordance to 42 U.S.C §1997 e (a). Jackson V. District of Columbia, 254 F.3d 262 (DC Cir. 2001).

## Ⅵ Legal Claim [s]

8. Plaintiffs reallege and incorporate by reference section in part (paragraph) that within the course of phases, plaintiff shows.

9. The [8th. Amend. and 14th. Amend. Constitional rights] were violated from the attack from the infuikings on the date of 2-26-09 at approx: 9:38 Am.- at Lawrence Corr. Ctr. causing physical injury (para: 1, that excessive force was participated by a direct spray in the plaintiff's left eye, and while in a detainment position [Handcuffed, held in a pinning position~with the Sgt's knee directly on lower - spine, with a slight totati dislocation from attack to left shoulder, Sgt. had allowed one of the Inmates to walk to plaintiff and get kicked in the face] claiming a situation was acted with deliberate indifference, knowledgable of further harm. developing an unsafe enviorment violating the plaintiff (Freddy Rasario) right's and constituted excessive force and cruel and unusual punishment, a due process violation under 8th. Amendment and 14th. Amendment to the United States Constitution. Due Process Violation in revocation to G.C.C. (14th. Amend. Const.)

10. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the officials and Inmates, until this court grants the declaratory and injunctive relief which plaintiff made practice in seeking.

## Ⅶ Prayer for Relief

WHEREFORE, plaintiff respectfully prays that this court enter judgement granting plaintiff:

11. A declaration that the act of ommission [s] described herein violated plaintiff's rights under the Constitution and laws of the United States.

12. That a perminent injunction ordering defendants: Namely - Micheal P. Randle, Derwyn C. Ryker, Mr. Simpson # 2801 and Sgt. [Unknown Name] et al. to comply with due process standards (Micheal P. Randle) to approve a restoration of 1 yr. exempt future employees (IDOC officials) from violating or relaliating against plaintiff for the exercise of his protected conduct. That evidence shouldn't be denied for viewing in detail examination. where IDOC staff (Hill Corr. Ctr) be respectfull in the adherement to investigation required medical records, clinical records. [Vedio Survel.]

13. Compensate damages in the amount of 280.000 oo against the pl defendants individually, jointly and severely.

14. Punitive damages in the amount 300.000 oo against each defendant that participated.

15. Plaintiff request a jury trial on all issues triable by jury. [And] plaintiff's cost in suit with the respect of any additional [Relief] this court deems just, proper and equitable.

Dated: _____  1-26-2011

Respectfully Submitted
                        Plaintiff

FR/INm
Corrections

Freddy Rosario # R-03876
P.O Box 1700
Galesburg, Illinois, 61402

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except to matters alleged on information and belief. and as to those, I believe them to be true ; I certify under penalty of perjury that the foregoing is true and correct. Executed at Galesburg Illinois on  1-26 . 2011.

S/ _____,

Freddy Rosario # R-03876

In Interest: Plaintiff is Indigent to law and was provided legal litigated assistance by his fellow inmate without charge or trade.

[Johnson V. Avery, 393 U.S 483, 490 (1969)]

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Report**

| Type of Report: | | |
|---|---|---|
| ☒ Disciplinary | ☐ Investigative | |

Lawrence Correctional Center
Facility

Date: 03/05/2009

Offender Name: Rasanio, Freddie                    ID #: R03876

Observation Date: 02/26/09    Approximate Time: 09:53   ☒ a.m. ☐ p.m.   Location: Outside North Dietary

Offense(s): DR 504:   105-Dangerous Disturbances, 110-Impeding or Interfering With An Investigation, 205-STG or Unauthorized Organizational Activity, 301-Fighting

**Observation**: (NOTE: Each offense identified above must be substantiated.)  After completion of an Intelligence Unit Investigation inmate FREDDIE RASANIO R03876 is being charged with the above offenses. After review of staff reports, Inmate interviews, and Confidential witness statements indications are on 2/26/09 in dietary while receiving their trays for the noon meal, Quinones (Identified as a Latin King) indicated to inmate Rasanio R03876 (Identified as an Imperial Gs) that the way he was wearing his high top state issued tennis shoes, with the sides folded down and the tongue of the shoe folded half way down was seen as disrespectful to the Latin Kings. Indications are that the state high top shoe looks like an inverted 3 point crown when the sides of the shoe are folded down. Rasanio initially stated he believed Quinones was making a statement about the way Rasanio was walking but later admitted a lot of Latin Kings were pointing at him and looking at his feet as he went to chow (Allegedly the Latin Kings on R4 A-wing had previously talked to inmate Rasanio about the way he wore his shoes) All the inmates went and sat down with their food trays and finished their lunches. Upon exiting dietary and lining up on the sidewalk Rasanio approached Quinones and inmate Torres K77180 (Identified as a Latin King) to talk about his shoes.  Indications are that Quinones and Torres became upset because

**Witness(es):**
☒ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| S. Brake | 7678 | | 03/05/2009 | 3:20 | ☐ a.m. ☒ p.m. |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | | Time | |

---

**Disciplinary Action:**

**Shift Review:** ☒ Temporary Confinement    ☐ Investigative Status    Reasons: Nature of Offense

LT. P. Johnson 3443    _____    8/19/09
Printed Name and Badge #    Shift Supervisor's Signature    Date
(For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer    Comment: _____

☒ **Major Infraction**, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ **Minor Infraction**, submitted to Program Unit

_____    _____    3/6/09
Print Reviewing Officer's Name and Badge #    Reviewing Officer's Signature    Date

☒ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

(Simpson) #2801    _____    3-09-09
Print Hearing Investigator's Name and Badge #    Hearing Investigator's Signature    Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing.  You may ask that witnesses be questioned along lines you suggest.  You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee.  You may have staff assistance if you are unable to prepare a defense.  You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign

Woods    _____    _____
Offender's Signature    ID#
Serving Employee (Print Name)    3470    _____
Badge #    Signature

3-9-09    1:15    ☐ a.m. ☐ p.m.    was never served = was at Pontiac
Date Served    Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____    _____
Offender's Signature    ID#

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

_____    _____
Date of Disciplinary Report    Print offender's name

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

Distribution:   Master File    Printed on Recycled Paper    DOC 0317 (Rev. 2/2007)
               Offender

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Continuation Page**

Lawrence Correctional Center
Facility

☒ Disciplinary Report   ☐ Investigative Report   ☐ Disciplinary Summary   ☐ Adjustment Committee Summary

Report/Incident Date:   2/26/09                                  Incident # (if applicable): _____

**Offender Information:**
Offender Name: Rasanio, Freddie                          ID #: R03876

Use the space below to provide any additional information.

the two felt Rasanio had no intentions of fixing his shoes. Indications are that Rasanio was then hit in the face by Torres and Quinones. Quinones, Rasanio and Torres then began fighting moving onto the grass, at which time Officer Habing attempted to stop the altercation. Inmate Mercado B64972 (Identified as a Maniac Latin Disciple) and inmate Luna K50909 (Identified as a Latin King) were then heard arguing and involved themselves in the altercation as well. Inmates Quiroz M00034 (Identified as a Latin King), inmate Rodriguez R67052 (Identified as a Spanish Gangster Disciple) and inmate Boyd R72836 (Identified as a Satans Disciple) were seen on the grass around the altercation. Inmate Rasanio admitted to going to inmate Mercado (Identified as a fellow Latin Folk) and telling him not to involve himself in the issue before the altercation took place. Inmate Rasanio also admitted in a signed statement that he did participate in fighting during the incident. Inmate Rasanio become evasive in his answers during his interviews about the altercation. Due to Rasanio being evasive and refusing to provide relevant information pertaining to this investigation, it became necessary to complete additional interviews. Due to the actions of the inmates involved in this disturbance, on 02/26/09, at 10:08 am Lawrence Correctional Center was placed on a level one lockdown. Inmate Rasanio, along with inmates Quinones, Torres, Rodriguez, Luna, Mercado, Boyd, and Quiroz conducted themselves in a manner which endangered the safety of numerous inmates, Lawrence C.C. staff, and interrupted the normal operations of the facility. Confidential sources were deemed reliable due to corroborating statements. Due to the severity of the incident the officer who was assigned to Tower 3 during the incident, chambered a round in the Mini -14 after several verbal orders were ignored in order to gain compliance of the group of inmates. A recording captured from the video surveillance system documenting the incident will be maintained on file in the Internals Affairs Office. All confidential sources should remain confidential to protect the safety and security of the institution. All confidential sources should remain confidential to protect the safety and security of the institution. Inmate Rasanio was identified by his state ID and Institutional Graphics.

Inmate Rasanio has been cited appropriately for the following violations:

105 Dangerous Disturbance: Based on a multitude of inmates being involved in the incident during mass line movement and causing the tower officer to chamber a round due to multiple verbal orders being ignored.

110 Impeding or Interfering With An Investigation: Based on inmate Rasanio refusal to provide relevant information pertaining to this investigation, making it necessary to complete additional interviews.

205 STG or Unauthorized Organizational Activity: Based on inmate Rasanio engaging in unauthorized gang activity with numerous inmates of the same and opposing security threat group.

301 Fighting: Based on inmate Rasanios' self admission that he was fighting, reporting staffs' reports and witnesses to the incident stating inmate Rasanio was observed fighting with other inmates involved in the altercation.

_[handwritten signature]_

_[handwritten]_ Can they send me hear without giving me this ticat. It violates my due process cant call no witness

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

**Name:** ROSARIO, FREDDY              **IDOC Number:** R03876              **Race:** HSP

**Hearing Date/Time:** 3/13/2009  10:00 AM      **Living Unit:** PON-N-01-39      **Orientation Status:** N/A

**Incident Number:** 200900341/1 - PON      **Status:** Final

## BASIS FOR DECISION
BASED ON...

THE INVESTIGATION BY THE REPORTING EMPLOYEE THAT OFFENDER QUINONES (IDENTIFIED AS A LATIN KING) INDICATED TO OFFENDER ROSARIO (IDENTIFIED AS AN IMPERIAL Gs) THAT THE WAY HE WAS WEARING HIS HIGH TOP STATE TENNIS SHOES, WITH THE SIDES FOLDED DOWN AND THE TONGUE OF THE SHOE FOLDED HALF WAY DOWN WAS SEEN AS DISRESPECTFUL TO THE LATIN KINGS.  THEN WHEN EXITING THE DIETARY AND LINING UP ON THE SIDEWALK, OFFENDER ROSARIO APPROACHED QUINONES AND OFFENDER TORRES (IDENTIFIED AS A LATIN KING) TO TALK ABOUT HIS SHOES, WITH QUINONES AND TORRES BECOMING UPSET AS THEY FELT OFFENDER ROSARIO HAD NO INTENTIONS OF FIXING HIS SHOES.  ROSARIO WAS THEN HIT IN THE FACE BY TORRES AND QUINONES LEADING TO ALL THREE OF THEM FIGHTING AND MOVING INTO THE GRASS.  OFFENDER MERCADO (IDENTIFIED AS A MANIAC LATIN DISCIPLE) AND OFFENDER LUNA (LATIN KING) WERE HEARD ARGUING AND INVOLVED THEMSELVES IN THE ALTERCATION AS WELL.  OFFENDERS QUIROZ (LATIN KING), RODRIGUEZ (SPANISH GANGSTER DISCIPLE), AND BOYD (SATANS DISCIPLE) WERE SEEN ON THE GRASS AROUND THE ALTERCATION, THUS RESULTING IN A LEVEL ONE LOCKDOWN OF THE FACILITY.

THE INTERVIEW WITH OFFENDER ROSARIO WHERE HE STATED HE BELIEVED QUINONES WAS MAKING A STATEMENT ABOUT THE WAY ROSARIO WAS WALKING BUT LATER ADMITTED A LOT OF LATIN KINGS WERE POINTING AT HIM AND LOOKING AT HIS FEET WAS HE WENT TO CHOW.  HIS OWN ADMISSION THAT HE WENT TO OFFENDER MERCADO (LATIN FOLK) TELLING HIM NOT TO INVOLVE HIMSELF IN THE ISSUE BEFORE THE ALTERCATION TOOK PLACE. *yet to make it a 576 - I was on my own.*

THE SIGNED STATEMENT THAT HE DID PARTICIPATE IN FIGHTING DURING THE INCIDENT. *- that was a lie, I never said I fought, I signed cause they told me*

OFFENDER ROSARIO BECOMING EVASIVE AND REFUSAL TO PROVIDE RELEVANT INFORMATION CAUSING IT *to, I did not know* NECESSARY TO COMPLETE ADDITIONAL INTERVIEWS. *they threw that [?] in there.*

THE VIDEO SUPPLIED BY THE LAWRENCE INTELLIGENCE UNIT SHOWING AN ALTERCATION OUTSIDE OF THE DIETARY. *But they didn't want to see I was attacked, I did not fight back.*

THE INTERVIEWS WITH THE CONFIDENTIAL SOURCES WHOSE STORIES PROVIDED PERTINENT INFORMATION AND WHOSE NAMES WILL REMAIN CONFIDENTIAL TO PROTECT THE SAFETY AND SECURITY OF THE INSTITUTION. *my attackers 5*

THE OFFENDER'S ADMISSION TO THE COMMITTEE THAT HE WAS IN THE ALTERCATION ALTHOUGH CLAIMING HE NEVER THREW A PUNCH AND HIS ADMISSION THAT HE DID SPEAK HIS GUYS AND TELL THEM TO STAND DOWN.

THE INVOLVEMENT OF SEVERAL OTHER OFFENDERS OUTSIDE THE DIETARY AS REFERRED TO IN THE REPORT.

AND THE POSITIVE IDENTIFICATION OF THE OFFENDER BY STATE ID CARD AND INSTITUTIONAL GRAPHICS.

THE COMMITTEE IS SATISFIED THE VIOLATIONS OCCURRED AS REPORTED.

## DISCIPLINARY ACTION   *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 1 Year CGrade | 1 Year CGrade |
| 1 Year Segregation | 1 Year Segregation |
| Revoke GCC or SGT 1 Year | Revoke GCC or SGT 1 Year |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |
| **Basis for Discipline:** NATURE OF OFFENSE | |

I was a victom of an attack, by members of a STG - (Security Threat Group) yet I have been charged with several offenses. When I was the one Attacked.

105 - Dangerous Disturbance - Based on a mutitude of inmates being involved. I was attacked by several inmates at first, afther I was hit in the face and punched on the side and kicked by all four Kings then the main two just kept on, on the top of my Second Disciplinary report it states Rasanio was then hit in the face by Torres and Quinones. They had no right to put there hands on me, If there really was something wrong with my appearance a c/o that is trained to spot things like that would of told me to correct the problem not no inmates. They attacked case they wantted two and because they were going two. This charge should be dissmissed

110 - Impeding or Interfering with an investigation - Based on me refusing to give relevant information - my information was relevant due to it not being what they wantted to hear, which was the truth, I was Attacked by several people who, provided information on what happened, of course there gonna stick to the same story. Lane 7 second page, Rasanio also admitted in a sighned state ment, I did not admitt I fought, they didn't tell me they wrote that, I told them what I knew and he said he wrote down what I said, So I sighned it, not one statement but two which means I did not refuse to give information, I answered questions I was asked, and told my side of the story. This charge should be dissmissed

205 - STG or unauthorized organizational Activity - Based on Rasanio engaging in unauthorized gang activity - I did not engage in gang activity I was attacked by gang members which is all on tape that is on file, from Gun tower 3 on 2-26-09 at about 9:53 am this is all on tape, Just look at the video it all goes with

what I am accusing being video of the tape will clearly show I was attack And never threw a punch or a kick. As for the gang activity I told All members of my association with my past nation that if I was attacked not to get involed, line 6 to the begining of line 7 on second page Rasanio admitted going to inmate mercado telling him not to get invoked. I did not want to make this into a gang issue, If these indivisals were going to attack me, I did not want my friends to get introuble due to my pass. I did not want to make it an unauthorized gang activity. This should be dismissed

301 - fighting - Based on inmate Rasanio's self admission to fighting, which is not true, I had Just been attacked, my eyes And head were hurting, I was Also mased very badly, I was not able to read the officers hand writting And my eyes at the time were sensitive to the light due to the attack And affection of the mase, The video will clearly prove I was not fighting And was Attacked, Then with the use of exsive force by officer I was mased And hurt badly on my lower back when he Jumped on me And landed knee first on my lower back And Kept all his weight on me As He hand cuffed me And Stayed on my Back with pressure, whail on the ground hand cuffed And mased and with this c/o on top of me, one of my attackers eather pulls the c/o with him or gets away from him and runs to me And kicks me on the for head. The c/o on top of me did not stop him or did the c/o who was walking him away from the area. The tape shows all of this. I would like to have this tape veied viewed in my defense, Also I was immediently transfered to pontiac with out hearing my ticket, which violated my due process once I left lawrance c.c. with out hearing my ticket first or even getting a ticket I left lawrance c.c. 2-27-09

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

049373

| Date: 3-6-09 | Committed Person: (Please Print) Freddy Rosario | ID#: RO3876 |
|---|---|---|

| Present Facility: Pontiac C.C. | Facility where grievance issue occurred: Lawrance C.C. / LaFrance C.C. |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): assulted by sevral inmatrs

- [x] Disciplinary Report: 2, 26, 09   Investagation disciplinar report
   Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** ON 2-26-09 at about 10:00 AM in front of Gun tower 3 at Lawrance C.C. I was attacked by sevral members of a security threat group known as the latin King. I was hit sevral times in the face, head and on the rest of my body. A warning Shot was never fierd from the gun tower so these indivisual could stop beating on me. I was attacked by these indivials, I never threw a punch, I did not defend my self Because I felt it was the responsabity of IDOC. Lawranceevill CC to protect me. These individials

**Relief Requested:** let out of Seg, get cousling, moved to safer inviorment have my attackers procceutid for attacking me, I want to press charges, And placed in protective custody

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Freddy Ros (signature)
Committed Person's Signature

RO3876   3, 6, 09
ID#          Date

(Continue on reverse side if necessary)

| | **Counselor's Response** (If applicable) | |
|---|---|---|

| Date Received: 3, 12, 09 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

MAR 12 2009

R. Flex
Print Counselor's Name

R. Flex          3, 12, 09
Counselor's Signature          Date of Response

| | **EMERGENCY REVIEW** | |
|---|---|---|

| Date Received: 3, 9, 09 | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [x] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |
|---|---|---|

Joseph W. Mathy (signature)
Chief Administrative Officer's Signature

3, 10, 09
Date

049373

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

beat me to the grass area, were officers then what felt like forever broke it up, I was already on the ground, But was still mased, affther I was mase very badly I was placed in hand cuff and had a officer on top of me, whail on the ground on my belly. Another officer eather let go or let one of my attackers run up to me and Kicked me in my fore head very hard. The officer on top of me did nothing to stop it. I was taken to health care were pictures were taken and my nose was X-rayed. Now I have been sent under investagation to pontiac cc in seg. I feel I should not lose any time, or have this interfear with me getting my 6 months good time. I was a victom, I was attacked And now I fear for my safety. The indivials who attacked me I want to press charges on them, especialy the one who kicked me. I feel I should be place in protective custudy or transferd to a min security place were I will be safer. Also I would like for the tape that was recorded from Gun tower 3 that saw my attack take place, I would like it to be used for my defence And to back up this grievance. Eurything I wrote I saw on video on a computer At Lawrance vill cc. It show my attackers attacking me out of no wear. And I would like for this tape to be used in my defence.

*Thank you*

I Also feel I have grounds for a law suit, but Im willing to settle if yous are resonable.

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** March 12, 2009          **Date of Review:** April 27, 2009          **Grievance #** (optional)  049373

**Committed Person:** Freddy Rosario                                    **ID#:** R03876

**Nature of Grievance:**  Disciplinary report written on 2/26/09 by S Blake of Lawrence Correctional Center for Dangerous Disturbance, Impeding or Interfering with an Investigation, STG or Unauthorized Organuizational Activity and Fighting  Incident #200900341

**Facts Reviewed:**  Offender Rosario R03876 is grieving a Disciplinary report written on 2/26/09 by S Blake of Lawrence Correctional Center for Dangerous Disturbance, Impeding or Interfering with an Investigation, STG or Unauthorized Organuizational Activity and Fighting stating that he was attacked by several Latin King STG members and staff took limited action to protect him. Stated he was maced, cuffed and on the ground when one of the attackers kicked him in the forehead and staff allowed it to happen. Wishes incident investigated, video tape of incidnet reviewed, single man cell placement in protective custody, charges filed against his attackers and ticket dismissed. Grievance officer notes offender Rosario was placed in investigation status on 2/26/09 and transferred to Pontiac Correctional Center on 2/27/09. Ticket was written on 3/5/09 and received at Pontiac Correctional Center on 3/9/09 and confinement status continued by shift commander.  Reviewing officer assigned infraction as major and had ticket served on offender Rosario which is within the guidelines of DR 504A. Hearing officer reviewed ticket on 3/9/09 and scheduled hearing with the adjustment committee on 3/13/09 at which tie offender Rosario was present and afforded the opportunity to address the charges against him as record of proceedings document. Offender Rosario requested a full investigation, claimed he was the one attracked, though admitted to telling his guys to stay uninvolved. Stated the shoes were just something to kick it off and there was a lot of tension at Lawrence. Requested tape reviewed and submitted written statement confirming verbal statements of being attacked and he was a victim. Adjustment committee requested and reviewed tape of incident. Basis of decision contains sufficient rationale for guilty finding based on the investigation and interviews provided that offender Quinones had indicated to offender Rosario that the manner in which offender Rosario was wearing his shoes with sides folded down was disrespectful to the Latin Kings. When the dining room was exiting chow hall and lining up on the walks offender Rosario approached offender Torres and Quinones to discuss his shoes at which time offenders Quinones and Torres became upset with offender Rosario about not fixing his shoes and became involved in an altercation moving onto the grass leading to involvement by offenders Luna and Mercado, offenders Quiroz, Rodriguez and Boyd were observed in the vicinity of the altercation resulting in the lockdown of the institution, admission during interview by offender Rosario that he thought offender AQuinones was talking about his walk but that all Latin Kings were looking at him and telling offender Mercado not to get involved in the issue, signed statement by offender Rosario of being involved in the incident, evasive and refusal at interview to provide relevant information further extending the investigation, video tape reviewed showing the altercation, interviews with confidential sources who shall remain nameless due to the safety and security of the institution, admission by offender Rosario of being in an altercation, though not throwing a punch and advising his guys not

**Recommendation:**  Based on a review of the Offender Disciplinary Report, the Adjustment Committees final summary that documents the record of proceedings and the basis for the decision containing sufficient rationale for discipline recommended and imposed all meet the guidelines established by DR 504A grievance is denied

Wesley Wiles                                              _Wesley H Wiles_ (signature)
Print Grievance Officer's Name                          Grievance Officer's Signature
**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable.)**

| Chief Administrative Officer's Response |
|---|

**Date Received:** 4/28/05          ☐ I concur          ☐ I do not concur          ☐ Remand

**Comments:**

_Joseph V. Mootly_ (signature)                                          4/28/05
Chief Administrative Officer's Signature                                      Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)**

Committed Person's Signature                              ID#                    Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE** (Continued)

to get involved, the report referring to participation of several offenders outside the dietary and positive idnetification of offenderb Rosario by his state issued id card. Discipline imposed, 1 year segregation time, 1 year c-grade, 1 year revocation good conduct credits and 6 months contact visit restriction is within the guidelines of DR504A pertaining to the administration of discipline to whicht the CAO's designee concurred on 4/9/09.

049458

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 3-31-09 | Committed Person: (Please Print) freddy Rosario | ID#: RO3876 |

| Present Facility: Pontiac | Facility where grievance issue occurred: Pontiac / Lawrence CC |

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☐ Staff Conduct  ☐ Dietary  ☒ Medical Treatment  ☐ Other (specify)
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: _____ / _____
                        Date of Report                                    Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: Since my attack at Lawrence CC. I've been
having massive head pain As well as massive Lower
back pain. my left eye still hurts not as bad as my head
and back, but it hurts, and feels as if its always straining it
self, And being in a cell that the count light stays on does
not help it, but makes it worst. I see white flashers of light
Sometimes, As well as dark shapes out of my left eye, when
it does it feel like its straining, it hurts on the top of it on the
in side. my left ear rings on and off, Sometimes it feels
as if I cant hear out of it, the back pain is mostly →

Relief Requested: 70 have medical attention And compesation for
My injuryies, And mental health.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Freddy [signature]_                         RO3876   3,31,09
Committed Person's Signature                  ID#         Date

(Continue on reverse side if necessary)

| | **Counselor's Response** (if applicable) | |

Date Received: 4, 1, 09   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Copy of grievance sent to the HCU
for a response. Copy also sent to offender
for his records. Original issue given to
grievance office

R. Flex                          R. Flex        4, 1, 09
Print Counselor's Name        Counselor's Signature    Date of Response

| | **EMERGENCY REVIEW** | |

Date Received: _____ / _____ / _____   Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance
                                                                                           ☐ No; an emergency is not substantiated.
                                                                                           Committed person should submit this grievance
                                                                                           in the normal manner.

_____
Chief Administrative Officer's Signature                                      _____ / _____ / _____
                                                                               Date

Distribution: Master File; Committed Person                    Page 1                    DOC 0046 (Eff.10/2001)
                                          Printed on Recycled Paper                       (Replaces DC 5657)

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

| Grievance Officer's Report |
|---|

Date Received: April 2, 2009          Date of Review: July 28, 2009          Grievance # (optional): 049458

Committed Person: Freddy Rosario                                     ID#: R-03876

Nature of Grievance: Medical Treatment

**Facts Reviewed:** Offender grieves the facility's HCU.

Medical Director indicates reading the grievance of 03-31-09 and reviewing the applicable medical record.

Medical Director responds Offender Rosario was seen immediately by HCU staff upon transfer to Pontiac CC on 2-27-09. X-rays were done prior to transfer and reported as negative by Offender Rosario. He was given medication on 02-27-09. He was seen and evaluated by mental Health on 04-09-09. He was followed up again by medical on 05-09-09, 05-22-09, and 06-02-09.

Medical concerns are to be directed to the cellhouse CMT who will evaluate him for treatment or refer him if appropriate. Alternatively, he may send a yellow "Medical Request" slip to the Health Care Unit Administration requesting medical services.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be considered MOOT based on response of facility Medical Director to the response.

_____          _____
Print Grievance Officer's Name                    Grievance Officer's Signature
**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

Date Received: 7/29/09          [✓] I concur    [ ] I do not concur    [ ] Remand

Comments:

_____                              7/29/09
Chief Administrative Officer's Signature                              Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____          _____
Committed Person's Signature                    ID#          Date

Distribution:   Master File; Committed Person                    Page 1                    OOC 0047 (Eff. 10/2001)
                                        Printed on Recycled Paper                    (Replaces DC 5657)

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

049618

| Date: 4-9-09 | Committed Person: Freddy Rosario (Please Print) | ID#: R03876 |
|---|---|---|
| Present Facility: Pontiac CC. | Facility where grievance issue occurred: Pontiac CC. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☒ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☒ Other (specify): Mental Health Unit
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: ___/___/___    _____
                      Date of Report   Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer**, only if EMERGENCY grievance.
   **Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: I've been having bad thoughts ever since I
was Attacked at Lawrence C.C. So I asked to see
mental health, afftter putting a grievance And talking to
my counsler flex, who helped me. I finally saw some one
from mental health. today. But he seemed as if upset to
see me. He asked me why I wanted to see him, I told
him I've been having violent thoughts And I needed
to talk to someone for help. Because mentaly I've been
suffering badly. I tell him that I'm in seg for being a
victom of an attack. And Am charged with many

Relief Requested: to be protected from this person from mental health and from retaliations
agents me and for him to be dissapined for staff misconduct. And have some
one to help me with my mental ILLniss.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Freddy Rosario_                    R03876            4,9,09
Committed Person's Signature          ID#              Date

(Continue on reverse side if necessary)

---

| | **Counselor's Response (if applicable)** | |
|---|---|---|
| Date Received: 4,13,09 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: I am assuming you writing this
grievance Psychologyist Angus. Copy of
this sent to Mental Health Dept. for
a response, original issue given to the
R. Flex

_R. Flex_            R. Flex            4,23,09
Print Counselor's Name    Counselor's Signature    Date of Response

Grievance Officer.

---

| | **EMERGENCY REVIEW** | |
|---|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | APR 27 2009 ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |

Responded
Grievance Off.

_____                    _____
Chief Administrative Officer's Signature              Date

Distribution: Master File; Committed Person            Page 1            DOC 0046 (Eff. 10/2001)
                                                                        (Replaces DC 5657)
Printed on Recycled Paper

Offences. And if I'm found ~~that~~ Guilty that it will probly change my way of thinking as for following rulse. for I've followed the rulse but then am still punished for being attacked. I told him if that the case I should of hit my attackers first. At this point this person from mental health starts to provoke me, saying would that make me feel better whail in seg if I hit first instead of being attacked? He then says, what will you do if you are found guilty of your offences? I told him I'll be upset, he then says it over and over again. Then looks in the computer and tells me I was found Guilty on 2-26-09, I told him thats when evirything happened. he says will it says you have a year seg time, a year C grade, and 6 months no contact visits And 6 months lost of good time. But he's saying it with a crue tone, as if to provoke me, but I still Relaxed then he says again, what are you gonna do? what are you gonna do? I tell him sue the hell out of IDOC And all staff members, cause I was found guilty with out even seeing the adjustment comittee. He looks again and says I saw them on 3-13-09, So I tell him "is thats when I was found Guilty? he" says thats what the computer says, I told him that on that day I asked for a full investagation to be done and asked for the tape to be seen by the Staff hear, and asked for my wittnisses to be hear, ~~to be phone~~ He then tells me oh well thats what in the computer, So what are you gonna do? I already told him I was gonna sue, So I told him when he asked, (I'm gonna do what I have to do.) Then he says well I'm gonna do what I have to do And picked up the phone and called someone, saying they need to talk to Rosario. I told him were is my summery from being found Guilty? He says its my counsler's Job to get it to me, not his, His Job is done hear And walked out the Room. — I asked to see mental health for help to talk to someone, to help me with my mental issue's but I feel today I was proked ~~to~~ to Say something that could be twisted. agents me. And mentaly abused by someone who was Soppose to help me, not hurt me. when officer tock me to my cell I told him what happened, And he said that, that man, abuse's his ~~video~~ Authoority. To hear that from an officer lets me know, that I'm not the first one he's done this to. I ask for that man to be disciplined by IDOC's staff misconduct guide lines. And to be protected from any retaleation from him for this and my privecys grivence. agents him. I dont know his name, but I'm

sure they have it on file who I saw today. He's about 5'7 165 pounds, bald with Glass. work with mental health.

I'm willing to please take a lie detector test to show I'm telling the truth.

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** April 27, 2009          **Date of Review:** May 1, 2009          **Grievance #** (optional): 049613

**Committed Person:** Freddy Rosario                                          **ID#:** R03876

**Nature of Grievance:** Mental Health Treatment

**Facts Reviewed:**

The Psychology Services Administrator's response, dated 4/29/09, The offender complains that he has been having "bad thoughts" ever since allegedly having been attached at another institution. However, he complains that when he told an unnamed mental health professional about his violent thoughts, he did not receive help.

The circumstances of the grievance were reviewed with Psychologist II Alton Angus. Mr. Angus recalled an interchange with the offender, but Mr. Angus indicated that what the offender requested was help in feeling comfortable with inflicting violence on others, a goal not congruent with the mission of the Mental Health Department. The offender failed to impress as seeking anything other than exoneration from disciplinary sanctions that had been imposed.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be DENIED, as the medical record indicates the offender has been afforded and has had access to mental health services.

H. Hamilton _____          _____ 3070
                   Print Grievance Officer's Name                                    Grievance Officer's Signature
          **(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

**Date Received:** 5/6/05          ☑ I concur          ☐ I do not concur          ☐ Remand

**Comments:**

_____          5/6/08
Chief Administrative Officer's Signature                          Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)**

_____          _____          _____
Committed Person's Signature                          ID#                          Date



**Illinois**
Department of
**Corrections**

**PAT QUINN**
Governor

**MICHAEL P. RANDLE**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

August 26, 2009

Freddy Rosario
Register No.  R03876
Pontiac Correctional Center

Dear Mr. Rosario:

This is in response to your grievance received on May 26, 2009, regarding Medical (Offender grieves he did not receive help when he told an unnamed Mental Health Professional he was having "bad thoughts" after he was attacked at Lawrence), which was alleged to have occurred at Pontiac Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance Officer's report (049613) and subsequent recommendation dated May 1, 2009 and approval by the Chief Administrative Officer on May 6, 2009 have been reviewed.

Per Dr. Angus, Offender Rosario requested help feeling comfortable with inflicting violence on others.  This is not congruent with the mission of the Mental Health Department.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be denied.  This office is unable to substantiate Offender Rosario's allegations of staff misconduct.  Should he continue to have issues which need to be addressed by a Mental Health Professional, he may submit a request to staff.  Issues regarding the disciplinary report dated 2/26/09 have been previously addressed on July 6, 2009.

FOR THE BOARD: _____
Sarah Johnson
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Michael P. Randle
Director

cc:   Warden Guy Pierce, Pontiac Correctional Center
Freddy Rosario, Register No. R03876

(5) The summery Grievant did not initiate this disturbance therefore he could not be found Guilty of this charge. The adjustment committe failed to place in their findings what the video tape showed as to the degree of participation in this incident. Therefore this charge should be dismissed.

(6) Challenge to the findings of Guilty of charge 110 Impeding or INterfering with an investigation. (7) The Grievant did provide information as well as sing signed to statements. However this charge is in itself UN-Contitutinal and violates the FIFTH Amandment to the US. constitution.

(8) Rule 110 is defined as "Impeding or Interfearing with an Investagation "Obstructing" "impeding or refusing to provide information relevant to an investagation" This rule compells an individual to be a witness agents him self and therfore cannot stand constitutional security. The adjustment Committee finding of Guilty of this charge is not substantiated by the evidence. (9) The Disciplinary report clearly shows that IA. officer S. brake had ample information to conclude investigation into the incident and Allegedly got statements from the grievant Rosario as to what whom, where and why the incident occured not withstanding "Confidential informants" Therefore this charge of impeding Interfering with an investigation must be dismissed. (10) The adjustment Committee found the Grievant Guilty of 205 security Threat group or Unauthorized Organizatinal Activity - The evidence does not substantinte This charge, where the security official already Knew due to their files that the grievant was formerly a member of an oppisitional Organizations then my attackers that were higher security level with more time then me. (11) The evidence also shows that these other individual (my attackers) were offended by the way I ALLEGEDLY had my Gym shoes on. Naither did the institution inform me that wearing my Gym shoes a centain way would provoke an attack. There is no evidence to substantinte that I was engaging in STG activity espeially due to the reason why committee stated I was found Guilty. Therefore this charge should be dismissed. (12) 301 fighting = fighting with another person. The adjustment Committee and the I/A investigater is mis-stating the facts I never admitted to fighting And I would Request that this alleged written statement be produced. (13) Also, the facts clearly shows that I was being "Attacked" the victim and as such could have defended my self in self defense, this would not be fighting. The law Recognize "self defense" I Also would Relie on the video tape to shew I was not the aggressor, nor did I defend my self. (14) (Confidential Information) The adjustment Committee states that "The Interviews with the Confidential sources whose stories provide Purtinent information where names will remain confidential to protect safty and Security (15) The grievant states that reliance of information Violates my rights to due-process. And such the adjustment committee failed to state wheter or not these individials were and were my attackers or gang members whater rather or not these individals individuals are credible and or reliable. There is a video tape, so theres no need of Statements by other individuals There is no need for confidential sorces This reliability must be Dis-regarded.

✶ Contine on next PAGE ✶

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

(5) The Grievant ~~Summery~~ did not initiate this disturbance therefore he could not be found Guilty of this charge. The adjustment committee failed to place in their findings what the video tape showed as to the degree of participation in this incident. Therefore this charge should be dismissed. (6) Challenge to the findings of Guilty of charge 110 Impeding or Interfering with an Investigation (7) The Grievant did provide information as well as ~~stay~~ signed to statements However This charge is in itself UN-Contitutinal and violates the FIFTH Amendment to the U.S. constitution. (8) Rule 110 is defined as "Impeding or Interfearing with an Investigation" "obstructing" "impeding or refusing to provide information relevant to an investigation" This rule compells an individual to be a witness agents him self and therfore cannot stand Constitutional scrutiny. The adjustment Committee finding of Guilty of this charge is not substantiated by the evidence. (9) The Disciplenary report clearly shows that I.A. officer S. brake had ample information to conclude investigation into the incident and Allegedly got statements from the grievant Rosario as to what whom, where and why the incident occured not withstanding "Confidential informants" Therefore this charge of impeding 110. Interfering with an investigation must be dismissed. (10) The adjustment committee found the Grievant Guilty of 205 security Threat group or unauthorized Organizatinal Activity - The evidence does not substantiate This charge, where the security official already knew due to their files that the grievant was formerly a member of an oppisitional Organization~~s~~ then my attackers that were higher security level with more time then me. (11) The evidence also shows that those other individual (my attackers) were offended by the way I ALLEGEDLY had my ~~Gym~~ shoes on Naither did the institution inform me that wearing my Gomy shoes a Certain way would provoke an attack. There is no evidence to subtantiate that I was engaging in STG activity especialy due to the reason why committee stated I was found Guilty. Therefore this charge should be dismissed. (12) 301 fighting = fighting with another person The adjustment Committee and the I/A investigater is mis-stating the facts I never admitted to fighting And I would Request that this alleged written statement be produced. (13) ALSO, the facts clearly shows that I was being "Attacked" the victim and as such could have defended my self in self defense, this would not be fighting. The law Recoginize "self defense" I Also would Relie on the video~~stape~~tape to show I was not the aggressor, nor did I defend my self. (14) (Confidential Information) The adjustment committee states that "The Interviews with the Confidential Sources whose stories provide Purtinent information Where names will remain confidential to protect safty and Security (15) The grievant states that reliance of information Violates my rights to due process And such the adjustment committee failed to state wheter or not these indivials were and ~~were~~ my attackers or gang members ~~whoter~~ rather or not these ~~indvals~~ individuals are credible and or reliable There is a video tape, so theres no need of statements by other indviduals, there is no need for confidential sorces. This reliability must be Dis-regarded.

✳ Continue on next PAGE ✳

(16) Failure To Protect And The (3)   Grievance of Staff
Use of excessive force "Conspiracy   misconduct/Use of excessive
TO Cover Up."   force/failure to protect
                                         Disciplinary Report Date
                                         2-26-09

(17) 1) Officer Habing And Other staff including the C/o who did the investigation and the chief Administrative officer, Knew or should have Knew that there was a high level of gang activity at The Lawrence CC. And failed to inform the Grievant not to wear his Gym-shoes in an particular manner, If I did have them in a ina probiet manner. my Entrance to the facility was reckless were staff Knew or should of have Known of my past affil-iation, And should of Kept me protected. (18) "EXCESSIVE use of force" During the course of this incident the Sargent malicious And sadistically Mased me by dis-pensing chemical agents in my face and over my body. Although they should of Known that (4) Other individuals were in fact Attacking me (19) The security staff having seperated the individuals who were attacking me. left me unprotected whail on top of me whail in hand cuffs. Which resulted in one of my attackers, attacking me again by Kicking me in my face and forehead. As result I recieved even more severe injuries to my eye, constantly have migraine Head-aches, Lower back pain, eyes. are impaired with flashes, ears ringing and pain in my spine on the left Vertebere. Not only from the attack but also when Sargent affther masing me place Knee's on my lower back with all his weight very hard and Kept it on there with extream pressure. (20) The security staff Knew affther my first attack, And leaving me unprotected, There was a strong Chance of me in danger, Probability that I would be attack is sufficient to show that these Staff member were Deliberant indifferant to my Health and safty and violates Grievant's Eight-amendment Right to be free from cruel and unusaull Panishment. (21) Constitutional Due Process
                                         CLAIMS

The Grievant further states that his right to procedural Due process was violated were I was transferd to pontiac, which prevented me from gathering names and information from officers and witnisses. Making it harder for me to call witnesses to my hearing which I had Requested.

26. 049893                    (4)                    Grievance Concludes

The grievant states based on the errors that were committed in the proceedings I am respectfully requesting the following Relief:

① That I be released from segragation

② That all my Good time and A Grade be Restored

③ That I be compensated for each day I spent in Segragation

④ That the staff be Disciplined for covering up this incident by writing a false disciplinary report.

⑤ I Am seeking $250,000 two hundread fithy thousand dollars for the staff conduct of useing Excessive force, And useing excessive force with chemical agents and for being attacked

⑥ I Am seeking An Additional $250,000 two hundread fithy thousand dollars for mental anguish and stress As well as pysical pains that werent hurting me befer. that this incident Caused.

⑦ I Am seeking this Report And charges Expanged from my Disciplinary Record.

Respectfully Submitted
By: Freddy Rosario

Freddy Rosario
I.D.# R03876
P.O. Box 99
Pontiac IL 61764



**Illinois**
Department of
**Corrections**

**PAT QUINN**
Governor

**MICHAEL P. RANDLE**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

July 6, 2009

Freddy Rosario
Register No.  R03876
Pontiac Correctional Center

Dear Mr. Rosario:

This is in response to your grievances received on April 24, 2009 and May 20, 2009, regarding a disciplinary report dated February 26, 2009, which was alleged to have occurred at Lawrence Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

This office has reviewed the disciplinary report, 200900341, written by Sarah Brake, citing you for the offenses of 105-Dangerous Disturbance, 110-Impeding or Interfering with an Investigation, 205-Gang or Unauthorized Organization Activity, 301-Fighting.  A review of the Adjustment Committee summary indicates you were found guilty of 105, 110, 205, 301.  Recommended discipline was:  1 year C-grade, 1 year Segregation, 1 year Revocation of Good Conduct Credits, 6 months Contact Visits Restriction.  The Chief Administrative Officer concurred with the recommendation on April 9, 2009.  It is noted the amount of revocation of Good Conduct Credits is currently pending at the Prisoner Review Board.

It is noted issues in Offender Rosario's grievance regarding a search conducted by his Parole Agent are outside of the timeframe, due to Offender Rosario was admitted back into Stateville Northern Reception Center on 9/15/08.  In addition, the grievance filed on May 20, 2009 is past the 60 day timeframe outlined in Department Rule 504.

Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in DR504, this office is reasonably satisfied the offender committed the offenses and recommends the grievance be denied.

FOR THE BOARD: _____
Sarah Johnson
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Michael P. Randle
Director

cc:   Assistant Warden Joseph Mathy, Pontiac Correctional Center
Freddy Rosario, Register No. R03876

**Illinois**
Department of
**Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker, Jr.
Director

Pontiac Correctional Center / 700 W. Lincoln Street / P.O. Box 99 / Pontiac, IL 61764 / Telephone: (815) 842-2816 / TDD: (800) 526-0844

## M E M O R A N D U M

DATE: 5/15/09

TO: ROSARIO #R03876   Cell N-752

FROM: Grievance Officer
Pontiac Correctional Center

SUBJECT: Attached Grievance: Adjust. Com. LIDR

Date Received: 5/12/09

The attached is being returned for the reason(s) listed below:

_____ Contact your Correctional Counselor — ADDRESS GRIEVANCE TO YOUR ASSIGNED COUNSELOR

_____ Use proper Committed Person's Grievance (DOC 0046)

_____ Provide date(s) of disciplinary reports(s) and facility where incident(s) occurred

_____ Forward grievance directly to the Administrative Review Board (protective custody, enforced
medication, disciplinary reports from other facilities, decisions by the Transfer Coordinator's
Office, decisions rendered by the Director)

_____ Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be
addressed further

_____ Unable to determine nature of grievance/correspondence. Submit additional specific
information.

_____ Illegible copy submitted – submit legible copy for consideration.

_____ Request restoration of GCC, segregation time cut, grade restoration to the Adjustment
Committee. If request is denied, utilize the grievance process for further consideration.

__X__ Issue has been previously addressed on 4/27/09. Nor justification for further consideration

_____ Contact the Record Office with you request and/or additional information (sentence
calculations, jail credits, etc.)

_____ Address concerns to the Illinois Prisoner Review Board, 319 East Madison Street, Suite A,
Springfield, Illinois 62706 (executive clemency parole violation issues, etc.)

_____ Other: _____

Rosario N. 7-52

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

050167

| Date: 7-25-09 | Committed Person: *(Please Print)* Freddy Rosario | ID#: R03876 |

Present Facility: Pontiac C.C.    Facility where grievance issue occurred: Pontiac C.C.

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility

- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Restoration of Good Time
- [x] Medical Treatment

- [ ] Disability
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ___/___/___    Date of Report ___    Facility where issued ___

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer**, only if EMERGENCY grievance.
   **Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 7-25-09, I was seen by A Doctor. NGu (I beleave) After waiting A little over 4½ hours, which was basicly crue and unsaul punishment, due to the fact of being chained to a bench all that time, Having to hould my urine in, Having th hand cuff's dig in to my skin. whail Im Just sitting and waiting Being eqnored. Finally I see the doctor. for about 20 seconds, And he tell's me for a shoulder that is slightly dislocated they can not do nothing about it accept surgerie, And since it is not an emergency I will Just have to deal with it. Then he Tells me besides its A lawrence CC problem, since it happened at there facility, This is one of many Grievance's I have put in on denial

Relief Requested: Have shoulder fixed thru surgerie which is needed, To receive my tintted Glasses that will help reduce light that hurt my eye and causes head pains that are real Bad, And To recieve mental Help for my mental well being due to my attack

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_[signature]_ Committed Person's Signature      R03876    7, 25, 09
                                               ID#          Date

*(Continue on reverse side if necessary)*

---

### Counselor's Response (if applicable)

Date Received: 7/27/09    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Requests for surgery and for tintted glasses are at the discretion of the Health Care Unit administration. You may request mental health treatment in writing to the mental Health unit at the Health Care Unit.

JUL 30 2009

Dennis Guth                    Dennis Guth          7/27/09
Print Counselor's Name         Counselor's Signature   Date of Response

Pontiac Corr. Ctr.

---

### EMERGENCY REVIEW Off.

Date Received: ___/___/___    Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____    ___/___/___
Chief Administrative Officer's Signature    Date

Distribution: Master File; Committed Person        Page 1        DOC 0046 (Eff. 10/2001)
                                                                  (Replaces DC 5657)
Printed on Recycled Paper

of medical treatment. I was attacked at lawrence C.C. and have been sufering extream pains from my eye, that the eye doctor said there is some slight damage, And has put in a request to have my eye glasses tinted to reduce the light, that causes it to hurt, But told me that Just because he request it for me because he feels I need it, doesnt mean it will be approved. He Has been the only one who has done his Job, And HAS tried to help me. But these other medical people Have not I've been having pains in my back And head, which they make me pay A co-payment every time my Ibuprofen runs out. I've been telling them about my shoulder, They took an exray And say nothing is broken but there is a slight dislocation. It's wrong that I've been attack And Jumped on by sevral inmates, Then officers use excessive force on me, mase me, Then hold me down to the ground, And let An inmate attack me again whail I'm on the ground in hand cuffs And with then on top of me. It's wrong that As A result of this attack, I've been having extream pains And have to make co-payments more then a few times to be seen And told nothing can be done. And since your shoulder dissbocation happened at an another facility theres nothing we can do, your tintted eye glasses, even dove their needed you wont get them, your pain pills (Ibuprfen) when your week supply runs out fill a co-payment out And call decide if you need more I still have not heard nothing on my first grievance on health care. That explains all this. As for my mental state, They say it's alvilible but I havent seen no one that can help me, And Dr. angus I'm scared to talk to, after our last incounter due to his treat threatning nature. I feel since I was attacked I should be treated for my injurie, And see if Anythis can be done to deal with the pains I've been having one doctor says I have liqued coming out my ear, yet no treatment, And it was from my attacke. These pains And head achs are to painful to be normal, And my shoulder should not go untreated. It's wrong, I request to be seen by a specialist for my eye, shoulder, ear, And head And back to see if there is something seriously wrong And taken care of. I want my tintted glasses to help cor redure the light that hurts my eye And causes migrians head achs. To have my shoulder seen by a specialist, And have the surgerie that I need to put it Back in place. And to be seen by a doctor for my metal issues to help me with my mental will being, And help me deal with this tramatizing situation that I am going threw after being attacked, Having officers use excessive force on me, for submitting me to crue And unsauls punishment by houlding me during whail one of my attackors Attack me. And for bending the rule minlipulating them And charging me with offenic's when I was the victom of an attack, yet Am in seg. This is all crue And unsaltk inAsolta unsaul punishment for punishing me for being a victom of an attack, denying me medical treatment, And denying me mental help with my mental will well being. Please He lp me with my pysical And mental well being.

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report | | |
|---|---|---|

**Date Received:** July 30, 2009        **Date of Review:** October 7, 2009        **Grievance #** (optional): 050167

**Committed Person:** Freddy Rosario                                    **ID#:** R-03876

**Nature of Grievance:** Medical Treatment

**Facts Reviewed:** Offender grieves medical treatment provided by facility HCU.

Facility HCU Administrator Martin responds the records of Offender Rosario R03876 indicate that he has been treated for shoulder pain resulting from an alleged assault. He was seen on 6/26/09 by the eye doctor. The eye doctor indicated offender Rosario had a need for rtinted glasses due to his diagnosis. Tinted glasses must be approved and ordered by the eye doctor. He will be rescheduled to see the eye doctor for follow up.

Medical concerns are to be directed to the cellhouse CMT.

Disposition : No Merit

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be considered MOOT based on the response of facility HCU Administrator Martin to the medical issue. Any other judgement upon this matter that when returned for cause would have no practical effect upon the existing controversy.

P Hastings  COI
_____          _____
Print Grievance Officer's Name                    Grievance Officer's Signature

**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response | | |
|---|---|---|

**Date Received:** 10-15-09        ☑ I concur        ☐ I do not concur        ☐ Remand

**Comments:**

_____                                    10-15-09
Chief Administrative Officer's Signature                                    Date

| Committed Person's Appeal To The Director | | |
|---|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____          _____          _____
Committed Person's Signature                    ID#                    Date



**Illinois**
Department of
**Corrections**

**PAT QUINN**
Governor

**MICHAEL P. RANDLE**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

January 7, 2010

Freddy Rosario
Register No.  R03876
Pontiac Correctional Center

Dear Mr. Rosario:

This is in response to your grievance received on August 5, 2009, regarding Medical (offender grieves he is not receiving proper treatment for injuries sustained during an attack at Lawrence CC), which was alleged to have occurred at Pontiac Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance Officer's Report (049458) and subsequent recommendation dated July 28, 2009 and approval by the Chief Administrative Officer on July 29, 2009 have been reviewed.

Per the Medical Director, Offender Rosario was seen immediately upon transfer to Pontiac Correctional Center on February 27, 2009.  X-rays were taken prior to Offender Rosario's transfer to Pontiac.  Offender Rosario was evaluated by Mental Health staff on April 4, 2009.  He was followed up with by medical staff on May 9th, May 22nd, and June 2, 2009.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be denied.  It appears Offender Rosario is being assessed and treated for his medical issues.  Offender Rosario may submit a request to sick call to be seen by healthcare staff should he continue to have any medical concerns.

FOR THE BOARD: _____
Sarah Johnson
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Michael P. Randle
Director

cc:   Warden Guy Pierce, Pontiac Correctional Center
      Freddy Rosario, Register No. R03876

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 10-23-09 | Committed Person: (Please Print) Freddy Rosario | ID#: R03876 |
|---|---|---|
| Present Facility: Pontiac C.C. | Facility where grievance issue occurred: Pontiac C.C. / Lawrence C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property   ☐ Mail Handling   ☐ Restoration of Good Time   ☐ Disability
☑ Staff Conduct   ☐ Dietary   ☐ Medical Treatment   ☐ Other (specify): _____
☐ Transfer Denial by Facility   ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: ____/____/____
　　　　　　　　　　　Date of Report　　　　Facility where issued

Note:　Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: Since my attack at lawrence c.c. 2-26-09, I've been trying 2 press charges on my attackers, Torres and Quinones, on my ticket second page it says how they bouth hit me in the face. I told all officers at lawrence c.c. I wanted 2 press charges on my attackers. I was transferd 2 pontiac the next day. And have been telling all staff that I want 2 press charges. I've put in grievences befer and nothing. my counselor has put in request 2 IA. And nothing. It has been 8 months And time is running out. I want my attackers 2 be charged with attacking me ...

Relief Requested: 2 have my attackers have charges brought on them 4 attacking me.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Freddy Rosario　　　　　　　　　R03876　　10,23,09
Committed Person's Signature　　　　　　ID#　　　　Date

**(Continue on reverse side if necessary)**

---

**Counselor's Response (if applicable)**

Date Received: ____/____/____　　☐ Send directly to Grievance Officer　　☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

_____　　_____　　____/____/____
Print Counselor's Name　　　Counselor's Signature　　　Date of Response

---

**EMERGENCY REVIEW**

Date Received: RECEIVED OCT 27 2009 OFFICE OF INMATE ISSUES

Is this determined to be of an emergency nature?　☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____　　____/____/____
Chief Administrative Officer's Signature　　　　Date

ILLINOIS DEPARTMENT OF CORRECTIONS

## Correctional Center
## Return of Grievance or Correspondence

Offender: _Rosario_ _Freddy_ _R03876_
Last Name          First Name          MI          ID#

Facility: _Pon_

☑ Grievance (Local Grievance # (if applicable): _____) or ☐ Correspondence
Received: _10/23/09_          Regarding: _Offender Charges for Offender_
Date                                      _who attacked_
                                          _Offender_
                                          _Of Rosario_

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable.

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:   Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL   62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:  Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL   62706

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☑ This office previously addressed this issue on _7/6/09 - DR 2/26/09_.
Date

☐ No justification provided for additional consideration.

**Other** (specify): _This is not a grievable issue. You_
_may contact the States attorney_

Sarah Johnson                    _Sarah Johnson_          _11/10/09_
Print Name                        Signature                  Date

_Should you wish to pursue charges_
_on other offenders._

Distribution:  Offender; Inmate Issues                    DOC 0070 (10/2001)
                                                          (Replaces DC 710-1274)



**Illinois
Department of
Corrections**

**Pat Quinn**
Governor

**Michael P. Randle**
Director

**Pontiac Correctional Center**
700 W. Lincoln Street,  P.O. Box 99
Pontiac, IL  61764

Telephone: (815) 842-2816
TDD: (800) 526-0844

December 28, 2009

Mr. Freddy Rosario
Register No. R-03876
Pontiac Correctional Center
P.O. Box 99
Pontiac, IL 61764

Dear Mr. Rosario:

Your recent letter to the Illinois Attorney General regarding an incident at Lawrence Correctional Center has been forwarded to my office for review and a response.

If you disagree with the disciplinary ticket and subsequent disposition, the proper procedure for you to follow is to file a grievance in accordance with DR 504F, Grievance Procedures for Offenders.

If you wish to file criminal charges, you must contact the State's Attorney's Office in the county that the alleged incident happened in.

I trust this has been responsive to your concerns.

Regards,

Guy D. Pierce, Warden
Pontiac Correctional Center

GDP/cjw

xc:    Master File
       File, Chron File

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: 10-23-09 | Committed Person: (Please Print) *Freddy Rosario* | ID#: R03876 |
|---|---|---|
| Present Facility: Pontiac CC | Facility where grievance issue occurred: Pontiac C.C. | |

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability
☐ Staff Conduct ☐ Dietary ☐ Medical Treatment ☐ Other (specify): *Grievance officer*
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator

☐ Disciplinary Report: _____ / _____ / _____
                        Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer**, only if EMERGENCY grievance.
   **Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On the grievance for medical denial, that is included with this grievance. I says I have been treated for shoulder pain resulting from assault at lawrence cc. I've been given pain pills but no treatment. The doctor says I need sergery 2 put it back in place. That is what the grievance was about, yet was not addressed. As for the eye docter. It says tinted glasses must be approved and orderd by eye docter, yet they were, but grievance officer affter saying eye docter indicated I needed tinted glasses, says they must be approved by him, which they were, yet calls my grievance moot. The grievance procedure is a Joke. Please read the whole grievance and let me know what you think.

Relief Requested: Sergery 2 put shoulder back in place, And fix nose and left eye

*(handwritten left margin: Sent 2 springield Approved tinted glasses)*

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

*Freddy Ros* _____                R03876        10. 23. 09
Committed Person's Signature                  ID#           Date

**(Continue on reverse side if necessary)**

| **Counselor's Response (If applicable)** | | |
|---|---|---|
| Date Received: _____ / _____ / _____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

_____

_____         _____         _____
Print Counselor's Name          Counselor's Signature          Date of Response

| **EMERGENCY REVIEW** | | |
|---|---|---|
| Date Received: _____ / _____ / _____ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |

**RECEIVED**
OCT 2 7 2009
OFFICE OF
INMATE ISSUES

_____         _____
Chief Administrative Officer's Signature          Date

Distribution: Master File; Committed Person          Page 1          DOC 0046 (Eff.10/2001)
                                                                    (Replaces DC 5657)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

Correctional Center
Return of Grievance or Correspondence

Offender: _Rosario_ _Freddy_ _R03876_
　　　　　　Last Name　　　　　　First Name　　　　MI　　　ID#

Facility: _Pon_

☑ Grievance (Local Grievance # if applicable): _____ ) or ☐ Correspondence
Received: _10/27/09_　　　　Regarding: _Medical._
　　　　　Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☑ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☑ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable). _if within timeframe_

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:  Administrative Review Board
　　　　　　　Office of Inmate Issues
　　　　　　　1301 Concordia Court
　　　　　　　Springfield, IL   62794-9277

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee.  If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:  Illinois Prisoner Review Board
　　　　　　　319 E. Madison St., Suite A
　　　　　　　Springfield, IL   62706

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____/_____/_____.
　　　　　　　　　　　　　　　　　　Date

☐ No justification provided for additional consideration.

**Other** (specify): _____
_____
_____

Completed by: _____　　　　　_Sarah Johnson_　　　_11/10/09_
　　　　Sarah Johnson　　　　　　　　　Signature　　　　　　　　Date
　　　　Print Name

Distribution:   Offender; Inmate Issues

DOC 0070 (10/2001)
(Replaces DC 710-1274)



**Illinois**
Department of
**Corrections**

PAT QUINN
Governor

**MICHAEL P. RANDLE**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

March 22, 2010

Freddy Rosario
Register No.  R03876
Hill Correctional Center

Dear Mr. Rosario:

This is in response to your grievance received on October 27, 2009, regarding Medical (offender grieves medical treatment for his shoulder and requests to have tinted glasses due to medical condition), which was alleged to have occurred at Pontiac Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance Officer's Report (050167) and subsequent recommendation dated October 7, 2009 and approval by the Chief Administrative Officer on October 15, 2009 have been reviewed.

This office contacted Pontiac Correctional Center and the eye doctor indicated Offender Rosario was ordered glasses and the tinting was completed in July, 2009.  However, there is no indication the offender received the glasses.  Per the Healthcare Unit Administrator, Offender Rosario has been treated for his issues regarding his shoulder.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be ruled mixed.  The portion of the grievance regarding treatment for shoulder is denied.  The portion of the grievance regarding the tinted glasses is affirmed.  Offender Rosario is to be provided another pair of tinted glasses to be paid for by the Offender Benefit Fund.

FOR THE BOARD:  _Sarah Johnson_

Sarah Johnson
Administrative Review Board
Office of Inmate Issues

I concur.  Warden Acevedo is to proceed accordingly.

_Michael P. Randle_

Michael P. Randle
Director

TA
3/20/10

cc:   Warden Gerardo Acevedo, Hill Correctional Center
      Healthcare Unit, Hill Correctional Center
      Freddy Rosario, Register No. R03876

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT ILLINOIS


Freddy Rosario
            Plaintiff
      V.

[Randle, Micheal P.]
- Derwyn L. Ryker
- Mr. Simpson
- Sgt. [Unknown Name] et. al

SUMMONS

Civil Action No.

TO THE ABOVE - NAMED DEFENDANTS:

        You are hereby summoned and required to serve upon plaintiffs, whose address
is- [IDOC Director] 100 W. Randolph, ste 4-200, Chicago, IL, 60601 - following officials assign to
Lawrence Correctional center. Mr. Ryker, Mr. Simpson and Sgt [Unknown Name] et.al. at R.R.2, Box
31, Sumner, Illinois, 62466 ...... an answer to the complaint which is here with served
upon you, within 20 days after service of this summons upon you, exclusive of the day of service,
or 60 days if the U.S Government or official or agent thereof is a defendant, If you fail to do
so, judgement by default will be taken against you for the relief demanded in the complaint.


        Clerk of the Court

    Date : _____, 2011


                        1 of 1 (s)


                                        FR/INM
                                        Corrections

Micheal P. Randle
100 W. Randolph, ste 4-200
Chicago, IL, 60601

Re: Notice of Intent
Re: Declaration / Correspondance                    [You Have Been Served]

Dear; Micheal P. Randle,

I am a prisoner / plaintiff to the regards of said "Notice" and that you are required to comply with the rules / regulations initiated by the violation of and against the plaintiff's 8th Amend. and 14th. Amend. Const. Rights enforced under PLRA 42 U.S.C § 1997 e, also known as Civil Rights of Institutionalized Persons Act.

According to Law, you have a right to prepare a defense or [Reason] why the plaintiff should be denied the [Mandamus] action or the proper Medical Treatment and procedural / minimal due process. This cause in complaint sought a proper waiver (forma Pauperis) (F.D Law 28 U.S.C § 1915 (e) (1). that shall "Secure" the remedy herein. Miller V. Carlson. 768 F. Supp. 1331, 1340 (N.D Cal. 1991).

In Contrast: You are the defendant, the prior active Director for the state of Illinois — prisons. The employer responsible for the "Over-All" operations for each individual institution, where as to the event so occurred, On 2.26.69 assault by Inmates and by staff in excessive force. Which You had acted in concert to arbitrary decision making that to the plaintiff's liberty has deprives a suspect of liberty without due process of law. Demonstrating a act under the color of state law. Avoiding any corrections of an investigation to correct, or to pursue its course in any logical corrections — but instead a concert agreement in entertaining a inadequate decision. That this substantuated a misbehavior in professionalizm.

Please be advised that this application is the proper method in remedy in serving defendants their "Notice", that you shall be [Order] to show cause of said substance in the above address in a timely fashion. I declare under penalty of perjury that the foregoing is true and correct, Executed at Hill Correctional Center, Knox County, Galesburg Illinois on Jan, 26 th, 2011

s/ _____
                    - Plaintiff -                                    28 U.S.C § 1746
Date: 1.26.11 / Freddy Rosario

Hill Corr. Ctr.
P.O Box 1700
Galesburg, Illinois
61402

Derwyn L. Ryker
Mr. Simpson
Sgt. [Unknown Name]
R. R2 P.o Box 31
Sumner Illinois ,62446

Re: Notice of Intent                                          [You Have Been Served]
Re: Declaration / Correspondance

Dear: Defendants, [IDoc officials]

I am the plaintiff to the regards of said "Notice" and that the parties mentioned above, are required to comply with the roles /regulations initiated by the violation against the plaintiff's 8th. Amend and 14th. Amend. Const. Rights. enforced under [Mandamus] 42 U.S.C § 1997 e , also known as CivilRights of Institutionalized Persons Act.

According to law. you have a right to prepare a defense or [Reason] why plaintiff should be denied the Action or the proper Medical Treatment and Procedural / Minimal Due Process. This cause in complaint sought a proper waiver (forma Pauperis) (F.D law 28 U.S.C § 1915 (e) (1). That shall "secure" the remedy here in. Miller V. Carlson, 768 F.Supp. 1331, 1340 (N.D Cal. 1991).

In Contrast: You are the violating party, the officials for the IDOC , employers responsible for the care and safety over all residing Inmates. against P.A 89-688. § 5 / 730 ILCS 5/3·2·2 (1. a) stating: To accept persons committed to [state Penitentiary] by the courts of this state for care, custody, treatment and rehabilitation. Which on the date of 2.26.09, plaintiff was assaulted by Inmates and staff from an excessive force, here Sgt. acted under the color of state law, making a matter worse by over exceeding his authority in his use of mase - spraying the plaintiff's face [left eye] and perminently damageing it's tissue, and a cause of a slight dislocation in left shoul-der. The plaintiff's liberty has deprives a suspect of liberty without due process of law, where avoid-ness to correct by the course in applying inadequate minimal due process proceedings. Plaintiff has pursued its natural course for equaling its inadequate structure, instead a concert arbitrary decision making substantuated its misconduct, entertaining unprofessionalizim.

Please be advised that this application is the proper method in remedy in serving defendants their [Notice], that your party shall be [Ordered] to show cause of said substance in the above cap-tion in a timely manner. I declare under penalty of perjury that the foregoing is true and correct. Executed at Hill Corr. Ctr. Knox County. Galesburg Illinois on Jan, 26th, 2011.

s/ Freddy                                                     28 U.S.C § 1746
Date 1.26.01 / Freddy Rosario
Hill Corr. Ctr.
P.O Box 1700
Galesburg Illinois, 61402

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT, ILLINOIS


Freddy Rosario
                    Plaintiff
        V.                                                    DECLARATION
Micheal P. Randle                                             [Freddy Rosario]
Derwyn L. Ryker
Mr. Simpson                                                   Civil Action No.
Sgt [Unknown Name] et.al.
                    Defendants


        Freddy Rosario #R-03876, hereby declare that on 2.26.09, plaintiff was assaulted by the
Latin Kings, that substantuated a slight disbeated shoulder. One large hematoma in middle of forehead and
an extraordinary excessive force by the Sgt. [Unknown Name], in over exceeding it amount of mase in
use, violating the 8th. and 14th. Amend. Const. Rights protected by law. That in the event of occurrances,
the plaintiff suffers by the attack as said in Mandamus [Memorandum of Law-facts] that this develop
their violation by "Acting"."with" Deliberate Indifference, creating a sufficient "state-of-mind" culpable
entertainment. where deliberate indifference is more than [Negligents] and approaches inten-
tional wrong doing, Collignon V. Milwaukee County, 163 F.3d 982,988 [7th.Cir.1998], that it's essen-
tially a [Criminal Recklessness] standard, even gross negligents is below the standards - Needed to
impose "Constitutional Liability" that Sgt. had "Subjective Awareness" of the approaching inmate
who was allowed to kick plaintiff in the face, while the mase was still in effect. Causing his
serious act to be insufficient, therefore showing its deliberate indifferent act to condition that
tramatization in suffering in various catagories such as (Mentally, Emotionally, as well as
physically), which punitive damage is ascertain that is compensable under § 1983. That his
minimum security level shows that he was not to be placed in a high Max/Med. security
level facility. [And] that officials were required to provide a safe and secure environment,
and those in its employment of assignment bare the responsibility for administering prisoners
must infact control those who cannot control themselves - Did infact poses that violation against
plaintiff. Mayoral V. Sheaham. 245 F.3d 934, 938 [7th.Cir. 2001]. That revoked a 1yr decision in
contiplation of its event. Which denial of procedural due process been a constant repeated response, due
to the nature of event and by its natural and original course in using the attackers as confidential
Informants that obviously violates plaintiff's 14th Amend. Const. Right and that became a conflict
of Interest-due to the Sgt[s] knowledge and its further lack of investigation has elicit to
deny any corrections to the matter.

        Plaintiff further states that its occurrances had threaten the life of its victim -by the
injured left eye which may cause a prevention in vehicle use after incarceration due to
the bright lights and the forcefulness in needing to wear tinted glasses for the rest of his
natural life.

                                    102 (Decl.)

Concluding that it is the deprivation of property or liberty that is [Unconstitutional] :
It is the deprivation of property or liberty "without" due process of law "without" adequate pro-
cedures, that curtailment is ascertain — Inmates must be afforded due process before deprivation
of life, liberty or property. Nat. Council of Resistence to Iran V. Dept. of State, 251 F. 3d 192 (D.C
Cir. 2001), And, it is a fundamental due process principle that a statute must clearly define the
"Conduct" that it prohibits. U.S V. Evans, 318 F.3d 1011 (10th. Cir 2003) whereas; Plaintiff's due
process rights were enforcable under § 1983 (Mandamus).

I declare under penalty and perjury that the foregoing is true and correct. Executed on this
date  1-26 , 2011 at Galesburg, Illinois · Knox County.

28 U.S.C §§ 1746

S/ Freddy Rosario

Freddy Rosario
Plaintiff

FR/Inm.
Corrections

2 of 2 (Decl.)