# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDDY ROSARIO #R-03876,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 11-596-GPM |
| ) | |
| **DERWIN L. RYKER and SERGEANT** ) | |
| **JOHN DOE CORRECTIONAL** ) | |
| **OFFICER,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently an inmate in the Hill Correctional Center (Hill), filed this civil rights action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He filed the action in the United States District Court for the Central District of Illinois on February 3, 2011. The same day, he filed motions for leave to proceed *in forma pauperis* (IFP), for appointment of counsel, and for preliminary injunction. The Central District court granted the motion for leave to proceed IFP and denied the motion for appointment of counsel. The motion for preliminary injunction (Doc. 4) remains pending.

On April 15, 2011, the Central District court conducted its threshold review under 28 U.S.C. § 1915A. The only claim that survived review is Plaintiff's failure to protect claim against Sergeant John Doe. The court ordered, however, that Warden Derwin L. Ryker remain a defendant in the case only for the purpose of identifying Sergeant John Doe. On June 14, 2011, Defendant Ryker answered the complaint and "on information and belief" identified Sergeant John

Doe as Sergeant Kenneth Dyke, who currently is employed as a corrections sergeant at Lawrence Correctional Center (Lawrence) (Doc. 12). Also on June 14th, Defendant Ryker filed a motion for summary judgment because he has fulfilled, "to the best of his ability," the purpose for which the court kept him as a party to the case, i.e., identifying Sergeant John Doe (Doc. 13). On June 30, 2011, Plaintiff filed a motion to amend his original complaint to substitute Sergeant Kenneth Dyke for Defendant Sergeant John Doe (Doc. 17). The motion for summary judgment and the motion for leave to amend remain pending.

On July 8, 2011, the Central District court, in the interests of justice, transferred venue to the Southern District of Illinois because the events giving rise to the remaining claim in the lawsuit occurred at Lawrence, which is within the Southern District. Having reviewed the proceedings in this case and the papers on file, this Court finds it appropriate, at this time, to resolve the remaining pending motions and to refer this action to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

In his motion for preliminary injunction, Plaintiff seeks to enjoin individuals at Lawrence from denying his rights to procedural due process and reasserts matters alleged in his complaint. He wants certain rights restored at Lawrence. As an initial matter, Plaintiff was transferred from Lawrence in 2009 and has not indicated that at any time he was returned to that facility. Plaintiff's request to enjoin certain officials at Lawrence is moot; he is no longer housed there. Moreover, the Central District court dismissed Plaintiff's due process claim during its threshold review. Accordingly, Plaintiff's motion for preliminary injunction (Doc. 4) is **DENIED**.

Plaintiff seeks leave to amend his complaint to substitute Sergeant Kenneth Dyke for Defendant Sergeant John Doe. This motion (Doc. 17) is **GRANTED**, and the Clerk of Court is

**DIRECTED** to terminate Sergeant John Doe as a defendant in this action and to add Sergeant Kenneth Dyke in his place. The Clerk is **FURTHER DIRECTED** to prepare for Defendant **SERGEANT KENNETH DYKE**, formerly known as Defendant Sergeant John Doe: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and a copy of this Memorandum and Order to Lawrence Correctional Center. If Defendant Dyke fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant Dyke, and the Court will require Defendant Dyke to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. If Defendant Dyke cannot be found at Lawrence, then the employer shall furnish the Clerk with Defendant Dyke's current work address, or, if not known, Defendant Dyke's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the Court file nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant Dyke, or upon defense counsel once an appearance is entered, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant Dyke or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant Dyke is **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Defendant Ryker's motion for summary judgment (Doc. 13) is **GRANTED**. He has done what he was ordered to do; accordingly, he is **DISMISSED with prejudice** from this action.

The Case Management Order entered by the Central District court on June 28, 2011, setting various deadlines and hearings is **VACATED**. Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this action is **REFERRED** to Magistrate Judge Wilkerson for further pre-trial proceedings. This entire matter is hereby **REFERRED** to Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 07/21/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge