IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDDY ROSARIO** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 11-cv-00596-GPM |
| **KENNETH DYKE, et al.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court, *sua sponte*, for the purpose of docket control. On April 15, 2011, the United State District Court for the Central District of Illinois conducted its threshold review under 28 U.S.C. § 1915A. (Doc. 23). The only claim that survived review is Plaintiff's failure to protect claim against Sergeant John Doe. *Id.* The court ordered, however, that Warden Derwin L. Ryker remain a defendant in the case for the sole purpose of identifying Sergeant John Doe. *Id.*

On June 14, 2011, Defendant Ryker answered the complaint and "on information and belief" identified Sergeant John Doe as Sergeant Kenneth Dyke. *Id.* Also on June 14th, Defendant Ryker filed a motion for summary judgment stating that he had fulfilled, "to the best of his ability," the purpose for which the court kept him a party to the case, i.e., identifying Sergeant John Doe (Doc. 13). On June 30, 2011, Plaintiff filed a motion to amend his original complaint to substitute Sergeant Kenneth Dyke for Sergeant John Doe (Doc. 17).

On July 8, 2011, the Central District court transferred venue to the Southern District of Illinois because the events giving rise to the remaining claim in the lawsuit occurred at Lawrence Correctional Facility, which is located within the Southern District of Illinois (Doc. 23).

On July 22, 2011, this Court granted Plaintiff's motion for leave to amend his complaint to substitute Sergeant Kenneth Dyke for Defendant Sergeant Doe. *Id.* The Court further granted Defendant Ryker's Motion for Summary Judgment because he fulfilled his obligation by identifying Sergeant Kenneth Dyke and Defendant Sergeant John Doe, and he was **dismissed with prejudice** from this action (Doc. 23) (emphasis in the original).

On November 14, 2011, Plaintiff, with the assistance of counsel, filed an amended complaint (Doc. 41). Rather than substituting Sergeant Kenneth Dyke for Defendant Sergeant Doe, Plaintiff added Defendant Ryker and John Doe as defendants in this case, in addition to naming Sergeant Kenneth Dyke as a defendant. *Id.* In Count II of the amended complaint, Plaintiff alleges that Defendant Dyke, in his answer to Plaintiff's original complaint, "appears to contest the identification of Sergeant John Doe as Sergeant Kenneth Dyke" as the person who committed the acts attributed to Sergeant John Doe in the original complaint (Doc. 41, paragraphs 28-34). Plaintiff alleges the condition on which Defendant Ryker was dismissed from the action "may not have been discharged" and suggests that the Court vacate its Order dismissing Defendant Ryker from the action so that he can identify the proper Sergeant John Doe (Doc. 41, paragraph 34).

The Court construes the allegations set forth in Count II of the amended complaint to be a motion for reconsideration of the Court's Order dated July 22, 2011 (Doc. 23). The Federal Rules of Civil Procedure do not specifically address motions to "reconsider." The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be

considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  *See, e.g. Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992).  When, as here, the motion to reconsider is "filed" later than 28 days after the entry of the challenged order, the motion is analyzed under Rule 60(b).  Fed. R. Civ. P. 60(c)(1).

Federal Rule of Civil Procedure 60(b) provides relief from judgment or order for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  However, the reasons offered by movant for setting aside an order or judgment must be something that could not have employed to obtain a reversal by direct appeal.  *See e.g., Bell v. Eastman Kodak Co*., 214 F.3d 708, 801 (7th Cir. 2000).

Upon review of the record, the Court remains persuaded that its ruling dismissing Defendant Ryker from this action, with prejudice, was correct.  Therefore, Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 3, 2012

s / *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge