IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FREDDY ROSARIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-00596-GPM-DGW |
| | ) | |
| SERGEANT KENNETH DYKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PROTECTIVE ORDER**

Pending before the Court is the parties' Agreed Motion for a Protective Order (Doc. 57). In accordance with Federal Rule of Civil Procedure 26(c), the Court finds there is good cause to enter an Order protecting the confidential information contained within the Investigative Report titled "2009-LAW-506." Wherefore, the Court hereby **GRANTS** the Agreed Motion for a Protective Order (Doc. 57).

**IT IS HEREBY ORDERED:**

1. The Investigative Report titled "2009-LAW-5061" representing an internal affairs investigation conducted at Lawrence Correctional Center and produced to Plaintiff's counsel in this cause of action shall be designated "Confidential Material."

2. Confidential Materials shall be disclosed or made available only to the following persons: (a) counsel of record or other licensed attorneys participating in the litigation; (b) personnel who are specifically assisting in this litigation; and (c) outside consultants or experts specifically retained by counsel to perform investigative work, advise counsel or otherwise assist in this litigation, provided that such individuals are not current or former inmates of the Department.

3. Persons designated in paragraph 2 shall not use, disclose, or disseminate any Confidential Material other than for purposes directly related to this litigation and shall not circulate or propagate an original or copy of the Confidential Material to any others, without prior written permission of the Department of Corrections or by order of the court. Persons to whom Confidential Material is revealed shall be subject to the jurisdiction of the court for purposes of enforcement or a violation of this Order. Such persons shall be subject to such relief as is deemed appropriate by the court, including sanctions.

4. A person designated in 2(b) or (c) shall not have access to any Confidential Material until he or she has read a copy of this Order and has indicated in writing that he or she has read a copy of this Order, agrees to be bound by it and to be thereby subject to the Court's jurisdiction. Copies of all such agreements shall be made available to the Department's counsel upon request.

5. In the event any Confidential Material is used in any proceeding herein prior to the trial of this matter, it shall not lose its "Confidential" status through such use and the parties shall take all steps reasonably required to protect such confidentiality.

6. All Confidential Materials shall be kept safely and securely within full custody of counsel or others entitled to access thereto pursuant to this Order. Additional copies of any Confidential Material may be prepared under supervision of counsel and shall be treated as Confidential and maintained securely.

7. Maintenance of the "Confidential" status of any such Confidential Material shall be subject to further order of this court and nothing herein shall preclude any party from applying to the court for modification of this Order. The parties reserve the right to make application to the court upon not less than five days' notice to seek permission to modify the provisions of this

Order.  Counsel shall first seek to resolve by agreement, and without involvement of the court, any disputes regarding confidential designations.

8. This protective order shall in no way waive a parties' objection to the introduction of this evidence at trial.

9. After the termination of this litigation, including all appeals, all Confidential Material shall be returned to the Defendant or destroyed.

**IT IS SO ORDERED**.

**DATED: March 28, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**